IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| KEVIN FIEDOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 4:18-cv-191-RH-CAS |
| | ) |
| FLORIDA DEPARTMENT OF | ) |
| FINANCIAL SERVICES; | ) |
| TERESA MICHAEL, Individually; | ) |
| MICHAEL SHOAF, Individually; | ) JURY TRIAL REQUESTED |
| ANDREW BLIMES, Individually; | ) |
| and SIMON BLANK, Individually | ) |
| and in his Official Capacity as Director | ) |
| of Division of Investigative & Forensic | ) |
| Services of Florida Department of | ) |
| Financial Services, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

KEVIN FIEDOR, for his complaint against the Defendants, states as follows:

**JURISDICTION AND VENUE**

1. This action arises under federal law and the United States Constitution.

2. Venue in this Court is proper because a substantial part of the relevant events occurred, and on information and belief, all Defendants are employed and reside in the Tallahassee Division of the Northern District of Florida.

1

## THE PARTIES

3. Kevin Fiedor, ("Capt. Fiedor") is a resident of Escambia County, Florida, and was employed by the Florida Department of Financial Services ("DFS"), Division of Investigative and Forensic Services, Bureau of Fire and Arson Investigations as a Law Enforcement Captain until April 18, 2017, when he was demoted to Law Enforcement Investigator II and placed on probation.

4. DFS is a department of the government of the State of Florida.

5. Teresa Michael ("Inspector Michael") was the Inspector General for DFS, at all times relevant to this lawsuit.

6. Michael Shoaf ("Director Shoaf") is the Director of Investigations for the DFS Office of Inspector General ("OIG").

7. Andrew Blimes ("Investigator Blimes") is an Investigator for the DFS OIG.

8. Simon Blank ("Director Blank") is the Director of the Division of Investigative & Forensic Services of DFS.

## GENERAL FACTUAL ALLEGATIONS

9. Capt. Fiedor worked for DFS for 22 years with no disciplinary record, receiving excellent performance reviews.

10. Capt. Fiedor attends a Baptist Church, and his Christian faith compels him to share the Gospel and invite others to church. It was his practice to invite other DFS employees to three annual events at his church that he believed might be of interest

to them: Law Enforcement Appreciation Sunday, Sportsman's Night Out, and The Spirit of Christmas Sunday Service.

11. In early 2017, after 22 years of unblemished performance, Capt. Fiedor suddenly became the subject of three investigations by the DFS OIG.

12. The OIG has long been known to conduct illegitimate investigations designed to produce the outcome desired by DFS upper management. Inspector Michael, Director Shoaf, and Investigator Blimes did not conduct a competent investigation of Capt. Fiedor. Rather, they conducted a sham investigation and conspired to keep relevant, contradictory information out of the investigative reports for the purpose of reaching the result desired by DFS upper management.

13. During the investigations, Investigator Blimes, under the supervision of Director Shoaf and Inspector Michael, subjected Capt. Fiedor to interviews using long, leading questions that made it clear exactly how he was expected to respond. The interviews further made clear that discussion or posting of any church sponsored activity in the workplace was prohibited and that DFS expected Capt. Fiedor to abandon certain of his religious beliefs.

14. On April 18, 2017, as a result of the investigations, Capt. Fiedor was placed on probation and demoted from Law Enforcement Captain – SES to Law Enforcement Investigator II, and his annual salary was reduced from $72,921.12 to $65,629.08.

15. Several other DFS employees were also to be disciplined due to the investigations, including Lt. David O'Dell ("Lt. O'Dell"), but DFS subsequently recognized that the investigations were mishandled, and the proposed discipline against these other employees was rescinded; although to avoid suspension, Lt. O'Dell was compelled by Director Blank to monitor office conversations and bulletin board postings for the express purpose of ensuring that nothing religious or political was said or posted.

16. The bulletin board was open for employees' use for virtually any other subject.

17. In addition to demoting Capt. Fiedor and placing him on probation, Inspector Michael, Director Shoaf, Investigator Blimes, and Director Blank (collectively, "Individual Defendants") conspired to file a complaint with the Florida Criminal Justice Standards and Training Commission ("FCJSTC") claiming that Capt. Fiedor committed perjury, because he expressed his opinion to Investigator Blimes that the Sportsman's Night Out event "was not pushing religion" ("False Perjury Accusation").

18. The FCJSTC is the Florida state agency that issues the certifications required for an individual, such as Capt. Fiedor, to serve as a law enforcement officer.

19. In his February 22, 2018 letter transmitting the False Perjury Accusation to the FCJSTC, Director Blank stated that Capt. Fiedor's demotion "was in no way

related to the finding that Mr. Fiedor committed perjury, as [Director Blank] disagree[d] with that finding."

## **CHARGE OF DISCRIMINATION**

20. On or about September 25, 2017, Capt. Fiedor filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination, and the EEOC forwarded the Charge to the Florida Commission on Human Relations ("FCHR").

21. In DFS's response to the Charge, Director Blank made clear that Capt. Fiedor's demotion was based on the three investigations which purportedly identified three issues that caused him to question Capt. Fiedor's judgment and abilities as a supervisor.  One of those issues was Captain Fiedor's invitation to other employees to attend church events.  The other two issues were the result of sham allegations raised only to try to justify Capt. Fiedor's religion-based demotion.

22. Director Blank relied on the OIG's investigations as a basis to demote Capt. Fiedor despite knowing that the OIG had a history of conducting unreliable investigations and despite knowing that they had done so here.

23. On March 30, 2018, the FCHR issued a Notice of Dismissal because more than 180 days had elapsed since the Charge was filed, and Capt. Fiedor desired to file a lawsuit.  On June 22, 2018, Capt. Fiedor was also issued a right-to-sue letter by the U.S. Department of Justice.

## CAUSES OF ACTION

## COUNT I - §1983 VIOLATION OF THE FIRST & FOURTEENTH AMENDMENTS

(Against the Individual Defendants Personally and against Director Blank Personally and in his Official Capacity)

24. Capt. Fiedor incorporates paragraphs 1 through 23, as if fully setout herein.

25. Title 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

26. Capt. Fiedor is a citizen of the United States and the Individual Defendants are persons for purposes of §1983.

27. The Individual Defendants, at all times relevant, were acting under the color of state law and in the scope of their official duties as DFS employees.

28. The First Amendment prohibits the government from either advancing or inhibiting religion or banning religious discussion in the workplace provided it does not interfere with work or become abusive, derogatory, offensive, humiliating or physically threatening. *EEOC COMPLIANCE MANUAL,* Section 12-III.A.2.c.

29. Through the intentional, concerted conduct of the Individual Defendants, Capt. Fiedor was demoted for engaging in protected religious activity, specifically: inviting employees to church events, posting notices regarding church events on

bulletin boards that are open for matters of personal interest to employees, and for discussing religious matters ("Protected Religious Activity"). Additionally, Capt. Fiedor was subjected to the False Perjury Accusation.

30. Through the actions of the Individual Defendants, Capt. Fiedor was subjected to a workplace hostile to religion through the interviews conducted by Investigator Blimes—which not only made clear that Protected Religious Activity was prohibited, but also that Capt. Fiedor was expected to abandon certain of his religious beliefs—and through the required monitoring by Lt. O'Dell.

31. Capt. Fiedor had a clearly established constitutional right under the First and Fourteenth Amendments to free expression of religion in the workplace, including the right to engage in Protected Religious Activity, and at all times relevant the Individual Defendants knew or should have known of those rights.

32. The Individual Defendants acted in concert to intentionally deprive Capt. Fiedor of his clearly established constitutionally protected rights and to cause him other damages, and—as such—they are not entitled to qualified immunity.

33. The Individual Defendants' concerted actions were taken maliciously, willfully, or with reckless or wanton disregard for Capt. Fiedor's constitutional rights.

34. As a direct and proximate result of the intentional actions of the Individual Defendants, Capt. Fiedor suffered actual damages and losses as set forth in his Prayer for Relief.

35. Capt. Fiedor is also entitled to attorneys' fees, pursuant to 42 U.S.C. 1988.

36. Additionally, Capt. Fiedor is entitled to injunctive relief against Director Blank, as Director of the Division of Investigative and Forensic Services of the Florida Department of Financial Services, to enjoin enforcement of the policy described above in paragraphs 15, 16, 29, and 30, whereby Capt. Fiedor is prohibited from inviting employees to church events, posting notices regarding church events on bulletin boards that are open for matters of personal interest to employees, and discussing religious matters in the workplace.

### **COUNT II - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-2, ET SEQ.**
(Against DFS)

37. Capt. Fiedor incorporates paragraphs 1 through 23 as if fully setout herein.

38. Title VII of the Civil Rights Act of 1964 provides, in relevant part, that it is an unlawful employment practice to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," or to "adversely affect his status as an employee, because of such individual's… religion." 42 U.S.C. § 2000e-2.

39. Title VII is violated when a covered employer treats an employee differently in any aspect of employment based on religious beliefs or practices. *EEOC COMPLIANCE MANUAL*, SECTION 12-1.

40. Title VII is violated when an "employer or supervisor explicitly or implicitly coerces an employee to abandon, alter, or adopt a religious practice as a condition of receiving a job benefit or avoiding an adverse action." *EEOC COMPLIANCE MANUAL*, Section 12-III.A.

41. Title VII is violated if an employee is subjected to a hostile work environment because of religion, including "verbal or physical harassment or unwelcome imposition of religious views or practices." *EEOC COMPLIANCE MANUAL*, Section 12-III.A.2 (footnotes omitted).

42. Capt. Fiedor was unlawfully subjected to disparate treatment because DFS attempted to coerce him into abandoning his religious beliefs and practices, and to prohibit him from engaging in Protected Religious Activity.

43. DFS violated Title VII by creating a hostile work environment for Capt. Fiedor by telling him what he could and could not believe, and by requiring Lt. O'Dell to monitor and prevent all Protected Religious Activity.

44. DFS violated Title VII by demoting Capt. Fiedor for engaging in Protected Religious Activity, and by subjecting him to the False Perjury Accusation.

45. DFS's religious discrimination against Capt. Fiedor was intentional; therefore, Capt. Fiedor seeks an injunction against DFS prohibiting it from engaging in any further such religious discrimination, pursuant to 42 USC § 2000e-5(g)(1).

46. As a result of DFS's intentional violations of Title VII, Capt. Fiedor is entitled to lost earnings from the date of his demotion, lost future earnings for the balance of his career, and lost retirement benefits as if he had not been demoted, pursuant to 42 USC § 2000e-5(g)(1).

47. Capt. Fiedor is further entitled to attorneys' fees pursuant to 42 U.S.C. 2000e-5(k).

## COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
(Against DFS)

48. Capt. Fiedor incorporates paragraphs 1 through 23 as if fully setout herein.

49. Florida Statute § 760.10(1)(a) & (b) provides, in relevant part, that it is an unlawful employment practice for an employer to discriminate against any individual "with respect to compensation, terms, conditions, or privileges of employment," or to "adversely affect any individual's status as an employee" because of such individual's religion.

50. Through the intentional and concerted conduct and efforts of the Individual Defendants, DFS violated the Florida Civil Rights Act of 1992 by demoting Capt.

Fiedor for engaging in Protected Religious Activity and by subjecting him to a hostile workplace and the False Perjury Accusation.

51. As a result of DFS's violation, Capt. Fiedor has been damaged and seeks redress under Florida Statute § 760.11, including but not limited to an order prohibiting the discriminatory practice; affirmative relief in the form of back pay, affirmative relief in the form of back pay and restoration of Capt. Fiedor to his pre-demotion pay level; compensatory damages for mental anguish, loss of dignity, and any other intangible injuries; and reasonable costs and attorneys' fees.

### COUNT IV – VIOLATION OF THE FLORIDA RELIGIOUS FREEDOM RESTORATION ACT OF 1998, FLA STAT. § 761.01, ET SEQ.
(Against DFS)

52. Capt. Fiedor incorporates paragraphs 1 through 23 as if fully setout herein.

53. Florida Statute § 761.03 prohibits the government from "substantially burden[ing] a person's exercise of religion."

54. In DFS's response to Complainant's allegations, it suggests that if it had not taken action against Capt. Fiedor, it would have permitted other employees to be subjected to workplace discrimination and harassment. Although DFS does not cite what law it was attempting to enforce by doing so, it was likely referring to Fla. Stat. 761.10, the *Unlawful Employment Practices* section of the Florida Civil Rights Act. Through the actions of DFS in attempting to enforce this section, DFS substantially burdened Capt. Fiedor's free exercise of religion by demoting him for engaging in

11

Protected Religious Activity and by subjecting him to a hostile work environment and to the False Perjury Accusation.

55. As a result of DFS's unlawful conduct, Capt. Fiedor seeks appropriate relief pursuant to Fla. Stat. § 761.03, namely an injunction prohibiting DFS from substantially burdening his free exercise of religion in the future and attorneys' fees and costs, pursuant to § 761.04.

## PRAYER FOR RELIEF

**WHEREFORE,** Capt. Kevin Fiedor respectfully prays that this Honorable Court grant the following relief:

A. With respect to **COUNT I** – Violation of the First & Fourteenth Amendments, Capt. Fiedor seeks an injunction against Director Blank, in his official capacity, enjoining further violations of Capt. Fiedor's constitutional rights, by which Capt. Fiedor is prohibited from inviting employees to church events, posting notices regarding church events on bulletin boards that are open for matters of personal interest to employees, and discussing religious matters in the workplace.

As damages against the Individual Defendants in their personal capacities, Capt. Fiedor seeks:

1. Compensation for lost earnings;
2. Compensation for lost future earnings;

3. Compensation for lost earning capacity; and

4. Attorneys' fees and costs pursuant to 42 USC § 1988.

B. With respect to **COUNT II** – Violation of Title VII, Capt. Fiedor seeks:

1. An injunction against DFS prohibiting it from engaging in any further such religious discrimination, pursuant to 42 USC § 2000e-5(g)(1);

2. Compensation for lost earnings;

3. Compensation for lost future earnings;

4. Compensation for lost retirement earnings; and

5. Attorneys' fees and costs pursuant to 42 USC § 2000e-5(k).

C. With respect to **COUNT III** – Violation the Florida Civil Rights Act of 1992, Capt. Fiedor seeks:

1. An order prohibiting DFS from engaging in further religious discrimination;

2. Affirmative relief in the form of back pay and restoring Capt. Fiedor to his pre-demotion pay level;

3. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries; and

4. Attorneys' fees and costs.

D. With respect to **COUNT IV** – Violation of the Florida Religious Freedom Restoration Act of 1998, Capt. Fiedor seeks:

1. Injunctive relief prohibiting the DFS from substantially burdening Capt. Fiedor's right to free exercise of religion; and

2. Attorneys' fees and costs

E. All such further relief that this Honorable Court finds just and equitable.

## JURY DEMAND

Capt. Fiedor hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ David C. Gibbs III                   .
David C. Gibbs III, Esq.
The National Center for Life and Liberty, Inc.
2648 FM 407, Suite 240
Bartonville, TX 76226
Telephone: (727) 362-3700
Facsimile: (727) 398-3907

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Florida, which will automatically serve upon all counsel of record a copy thereof.

/s/ David C. Gibbs III
Counsel for Plaintiff